IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LORENZO RAINER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv414-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a motion for relief under 28 U.S.C. § 2255.

## I.   BACKGROUND

On April 16, 2008, a jury found the petitioner, Lorenzo Rainer ("Rainer"), guilty of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing on July 22, 2009, the district court found that Rainer qualified as an armed career criminal[1] and sentenced him to 210 months in prison.

Rainer appealed, arguing that (1) the Government failed to adduce sufficient evidence to support his conviction, and (2) the district court erred in determining that his prior convictions for violating Alabama's third-degree burglary statute qualified as "violent felonies" for purposes of the Armed Career Criminal Act ("ACCA"). On August 31, 2010,

---

[1] *See* the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), which mandates a sentence of not less than 15 years and up to life in prison for a defendant convicted under § 922(g) who has three previous convictions for violent felonies or serious drug offenses.

the Eleventh Circuit issued an opinion rejecting Rainer's arguments and affirming his conviction and sentence. *United States v. Rainer*, 616 F.3d 1212 (11th Cir. 2010). Rainer filed a petition for certiorari review with the United States Supreme Court, which that court denied on January 10, 2011. *See Rainer v. United States*, 131 S.Ct. 968 (2011) (No. 10-7787).

On August 20, 2011, Rainer filed *a pro se* pleading, construed by this court as a motion for relief under 28 U.S.C. § 2255, in which he asserts the following claims:

1. The indictment was defective because it failed to comply with Rules 6(f), 7(c)(1) & 7(c)(2) of the Federal Rules of Criminal Procedure, resulting in a denial of due process.

2. The Assistant United States Attorney ("AUSA") committed prosecutorial misconduct, resulting in a denial of due process.

3. The Presentence Investigation Report ("PSI") violated his due process rights under Fed.R.Crim.P. 32(c) to have his sentence determined based on accurate information.

4. The trial court "committed plain errors" under Fed.R.Crim.P. 52, resulting in a denial of due process and equal protection.

5. Trial counsel and appellate counsel were ineffective, resulting in a denial of due process and equal protection.

Doc. No. 2 at 2.[2] With the exception of the first of these claims (regarding alleged defects in the indictment), Rainer's motion is devoid of any factual allegations or argument in support of each claim. *See* Doc. No. 2 at 2-5.

---

[2] References to document numbers ("Doc. No.") are those assigned by the Clerk of Court in the instant civil action or, where applicable, in Rainer's criminal proceedings, Case No. 2:07cr151-MEF. Page references to pleadings are to those assigned by CM/ECF.

On September 18, 2011, Rainer amended his § 2255 motion to add the following claims:

1. He was denied due process when the district court did not instruct the jury to refrain from discussing the case via electronic means and to avoid accessing information about the case from any outside source, "including dictionaries, reference books, or anything on the internet," and his counsel rendered ineffective assistance by not objecting to the court's failure to give such instructions.

2. His counsel was ineffective for failing to move for a judgment of acquittal.

3. His counsel "tricked" him into not testifying at trial, resulting in a denial of due process.

4. His counsel was ineffective for failing to file a motion to suppress the evidence.

Doc. Nos. 16 & 16-1.

The Government answers that (1) Rainer's substantive (i.e., non-ineffective assistance of counsel) claims are procedurally barred from review, because they were not raised on direct appeal and Rainer has failed to establish cause and prejudice excusing his procedural default, and (2) Rainer is not entitled to any relief on his claims of ineffective assistance counsel, because he fails to sufficiently plead those claims and does not meet his burden of proving deficient performance and prejudice.

Based on the court's consideration of the parties' submissions and the record, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Rainer's

§ 2255 motion should be denied.

## II.   DISCUSSION

**A.   General Standard of Review**

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice").  The "fundamental miscarriage of justice" exception recognized in

*Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent...."

**B.     Substantive Claims Not Raised on Direct Appeal**

<u>**Rainer's substantive claims are procedurally barred**</u>.

Rainer presents the following substantive claims, all of which are raised for the first time in his § 2255 motion:

1.      The indictment was defective because it failed to comply with Rules 6(f), 7(c)(1) & 7(c)(2) of the Federal Rules of Criminal Procedure, resulting in a denial of due process.

2.      The AUSA committed prosecutorial misconduct, resulting in a denial of due process.

3.      The PSI violated his due process rights under Fed.R.Crim.P. 32(c) to have his sentence determined based on accurate information.

4.      The trial court "committed plain errors" under Fed.R.Crim.P. 52, resulting in a denial of due process and equal protection

*See* Doc. No. 2 at 2-5.

Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred from review in a § 2255 proceeding.  *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).  "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule.  Under the first exception, a defendant must show

cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Lynn v. United States*, 365 F.3d 1225, 1234 (11ᵗʰ Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Lynn*, 365 F.3d at 1234–35 (quoting *Mills*, 36 F.3d at 1055). Rainer does not attempt to establish cause for his procedural default of these claims. He has also failed to allege that he is actually innocent. As a result, he has failed to overcome procedural default, and these claims are procedurally barred from review.

### Rainer also fails to demonstrate the merit of any of his substantive claims.

As previously noted, with the exception of his claim regarding alleged defects in the indictment, Rainer's motion offers no factual allegations or argument in support of these claims. Rainer's failure to set forth any supporting facts or arguments presents another barrier (in addition to the procedural bar already discussed) to his obtaining collateral relief based on such claims. Rainer alleges that the indictment was defective because, he says, it did not comply with Rules 6(f), 7(c)(1) & 7(c)(2) of the Federal Rules of Criminal Procedure. *See* Doc. No. 2 at 2-5. However, he fails to explain in any manner how this was so; thus the court pretermits further discussion as to these two provisions.[3] Rainer's only other argument

---

[3] Rule 7 of the Federal Rules of Criminal Procedure provides, in relevant part:

(c)  Nature and Contents.

(continued...)

is addressed to the indictment's supposed noncompliance with Rule 6(f).  That rule provides:

> A grand jury may indict only if at least 12 jurors concur. The grand jury – or its foreperson or deputy foreperson – must return the indictment to a magistrate judge in open court.  To avoid unnecessary cost or delay, the magistrate judge may take the return by video teleconference from the court where the grand jury sits.  If a complaint or information is pending against the defendant and 12 jurors do not concur in the indictment, the foreperson must promptly and in writing report the lack of concurrence to the magistrate judge.

Fed.R.Crim.P. 6(f).

Reading Rainer's motion generously, it appears his argument is that the indictment in his case fails to meet the requirements of Rule 6(f) because it does not contain the

---

[3](...continued)

> (1)  In General. The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government.  It need not contain a formal introduction or conclusion.  A count may incorporate by reference an allegation made in another count.  A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means.  For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.  For purposes of an indictment referred to in section 3282 of title 18, United States Code, for which the identity of the defendant is unknown, it shall be sufficient for the indictment to describe the defendant as an individual whose name is unknown, but who has a particular DNA profile, as that term is defined in that* section 3282.

> (2)  Citation Error.  Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction.

Fed.R.Crim.P. 7(c)(1) & (2).

signatures of at least 12 of the grand jurors. *See* Doc. No. 2 at 3. However, the record shows that the indictment was signed by the grand jury foreperson (as well as by the United States Attorney and two Assistant United States Attorneys[4]) and that it was endorsed as "A True Bill." *See* Case No. 2:07cr151-MEF, Doc. No. 1 at 1-3. The grand jury foreperson's signature and the indication that it is a true bill of indictment establish that at least 12 of the grand jurors agreed to indict, satisfying the requirements of Rule 6(f) that "at least 12 jurors concur [in the indictment]." *See United States v. Demarey*, 81 F.3d 161, 1996 WL 145870, at *2 (6th Cir. 1996) (table) ("The superseding indictment is signed by the grand jury foreperson and indicates that it is a true bill; that is, a quorum of grand jurors agreed to indict."); *United States v. Michael*, 180 F.2d 55, 56 (3d Cir. 1950) ("When the grand jury has found an indictment to be a true bill and has completed its action thereon by returning the indictment, duly endorsed as a true bill by its foreman, to the district court in open session, its function has been fulfilled."). Rainer has presented no evidence impeaching the integrity of the indictment or suggesting that the process under which the indictment was returned was not in accordance with Rule 6(f). Thus, even if Rainer did not default this claim by failing to assert it earlier,[5] the claim affords him no basis for collateral relief.[6]

---

[4] The signatures of the U.S. Attorneys comport with Rule 7(c)(1)'s specification that "an attorney for the government" sign every indictment. *See* Fed.R.Crim.P. 7(c)(1).

[5] The decisions of courts addressing claims based on alleged failures to follow Rule 6 suggest that such claims are not jurisdictional in nature; that is, technical irregularities are not necessarily fatal to an indictment, and it is incumbent upon defendants seeking relief based on asserted irregularities to demonstrate prejudice. *See, e.g., United States v. Engiwe*, 17 F.Supp.2d 390, 393
(continued...)

## C.    Ineffective Assistance of Counsel Claims

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance."  *Id*.  (internal quotation marks

---

[5](...continued)
(E.D. Pa. 1998).  *See also Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988); *Hobby v. United States*, 468 U.S. 339, 345 (1984); *United States v. Lennick*, 18 F.3d 814, 817-18 (9th Cir. 1994); *United States v. Bruteyn*, 373 Fed. App'x 247, 249 n.3 (3d Cir. 2010) *United States v. Ramsey*, 2007 WL 2153574, at *2 (M.D. Ala. Jul. 24, 2007; *United States v. Jones*, 2007 WL 2301420, at *18 (N.D. Ga. Jul. 18, 2007); *United States v. Newton*, 2010 WL 4629021, at *1 (N.D. Tex. Nov. 16, 2010).

[6] In his reply to the Government's answer to his § 2255 motion, Rainer suggests that the "prosecutorial misconduct" he refers to in one of his claims concerns the U.S. Attorney's countenancing of the supposed defects in the indictment.  *See* Doc. No. 31 at 10-11.  However, Rainer's failure to demonstrate a defect in the indictment undermines this claim of prosecutorial misconduct.

9

and brackets omitted).  Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one."  *Id*.

As noted above, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"  *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.  The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.  *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."  *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied.  *Strickland*, 466 U.S. at 687.  Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been.  *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through

direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 1.   *Claim Regarding Failure to Give Jury Instructions*[7]

Rainer maintains he was denied due process when, in its pretrial instructions, the district court did not instruct jurors to refrain

> from discussing the case via electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any internet chat room, website or other feature ... [and] did not instruct the jury to not to try to access any information about the case or do research on any issue that arises in this case from any outside sources, including dictionaries, reference books, or anything on the internet.

Doc. No. 16 at 1-2. In this regard, Rainer further contends that his counsel was ineffective for not requesting such instructions or objecting to the court's failure to give such instructions. *Id*.

In December 2009,[8] the Judicial Conference Committee on Court Administration and Case Management published proposed model jury instructions regarding "The Use of

---

[7] Rainer's original § 2255 motion contained the claim that his trial counsel and appellate counsel were ineffective; however, the motion failed to allege a single specific instances of counsel's ineffective assistance. This Recommendation discusses only the specific instances of ineffective assistance of counsel asserted by Rainer, which he first presented when amending his § 2255 motion.

[8] Rainer's trial was held in April 2008.

11

Electronic Technology to Conduct Research on or Communicate about a Case." *See, e.g.*,

*In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 739 F.Supp.2d 576,

609 n.215 (S.D. N.Y. 2010).  The proposed model instructions, which are very similar to

those Rainer says his counsel should have requested, focus on the importance of jurors' not

consulting websites or blogs to research or obtain information about the case, and also

caution and instruct jurors on the use of social media during trial.  Language from the

proposed instructions has found its way into the current version of the Eleventh Circuit's

pattern jury instructions, released in August 2010.[9]  *See* Eleventh Circuit Pattern Jury

Instructions (Criminal Cases), Preliminary Instruction 1 (2010).

    The record reflects that, before trial, the district court instructed the jurors in Rainer's

case as follows:

> During this trial, you must not discuss the case in any manner among
> yourselves or with anyone else, and you must not permit anyone to attempt to
> discuss it with you or in your presence.  And insofar as the attorneys are
> concerned, as well as others whom you may come to recognize as having some
> connection with this case, you are instructed that in order to avoid even the
> appearance of impropriety, you should have no conversation whatsoever with
> those persons while you are serving on this jury.  You must also avoid reading
> any newspaper articles that might be published about this case now that the
> trial has begun, and you must also avoid listening to or observing any
> broadcast news program on either television or radio because of the possibility
> that some mention might be made of this case during such a broadcast now
> that this trial is in progress.  The reason for these cautions, of course, lies in the
> fact that it will be your duty to decide the case only on the basis of the
> testimony and the evidence presented during this trial, without consideration

---

[9] The Eleventh Circuit has repeatedly recognized that a court's use of pattern jury instructions is precatory, not mandatory.  *See, e.g., United States v. Veltmann*, 6 F.3d 1483, 1492 (11th Cir. 1993); *United States v. Jubiel*, 377 Fed. App'x 925, 931 (11th Cir. 2010).

of any other matter whatsoever.

*See* Case No. 2:07cr151-MEF, Doc. No. 147 at 11.  These instructions track the language of those recommended in the 2003 version of the Eleventh Circuit's pattern jury instructions, the most recently published version of the pattern instructions at the time of Rainer's 2008 trial.  *See* Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Trial Instructions: Preliminary Instruction 2.1 (2003).

Although the court's instructions to the jurors in Rainer's case did not specify or emphasize social networking websites and other internet media, they caution jurors to the same general effect as do the proposed model instructions (and those in the 2010 version of the Eleventh Circuit's pattern instructions).  Jurors were admonished not to discuss the case "in any manner" with anyone, including fellow jurors, before deliberations began; they were cautioned to avoid media sources where the case might be discussed; and they were advised that their duty was to decide the case based only on evidence presented at trial, "without consideration of any other matter whatsoever." The court's instructions sufficiently conveyed to jurors the general rule of "no discussion" before deliberations and the need to avoid outside influences and extraneous sources' mentioning the case they were considering. Moreover, Rainer presents no evidence giving rise to the slightest inference that any juror in his case violated the no-discussion rule or was exposed to or influenced by matters regarding his case other than the evidence properly presented at trial.

There was no error in the district courts' failure to instruct jurors in the manner Rainer

now urges.  The pretrial instructions the court did give jurors were entirely proper and were, in all important respects, the same as those given in countless cases tried in this circuit prior to the publication of the current version of the pattern jury instructions in August 2010. Rainer has failed to demonstrate the denial of due process or even to allege a specific instance of juror impropriety in his case. He therefore fails to establish deficient performance by his counsel or any prejudice as a result of counsel's performance.  *See Strickland*, 668 U.S. at 687-88.  Consequently, he is not entitled to relief based on this claim of ineffective assistance of counsel.[10]

### 2.    *Failure to Move for Acquittal*

Rainer contends that his counsel was ineffective for failing to move for a judgment of acquittal.  Doc. No. 16 at 2.  Rainer's claim in this regard is conclusory and vague.  To the extent he suggests that his counsel should have moved for an acquittal based on the district court's failure to give jurors the preliminary instructions discussed in the previous issue (*see* Doc. No. 16 at 2 & Doc. No. 16-1 at 1), his claim does not entitle him to any relief.  Counsel cannot be ineffective for failing to argue a meritless issue.  *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield,* 960 F.2d 970, 974 (11th Cir. 1992).  To the extent that Rainer suggests that his counsel was ineffective for failing to move for a judgment of acquittal based on the alleged insufficiency of the Government's evidence, his

---

[10] Rainer's claim appears to be directed at his trial counsel.  However, to the extent he also argues that his appellate counsel was ineffective for failing to raise this issue on appeal (*see* Doc. No. 16 at 2 & Doc. No. 16-1 at 1), his claim is likewise, and for the same reasons, meritless.

14

claim is contradicted by the record and is therefore frivolous.   At the conclusion of the Government's case, Rainer's counsel moved for a judgment of acquittal based on the Government's failure to adduce sufficient evidence. *See* Case No. 2:07cr151-MEF, Doc. No. 148 at 98-100.   At the conclusion of all the evidence, Rainer's counsel again moved for an acquittal, based on the alleged lack of credibility of the Government's principal witness and also reincorporating the grounds argued in counsel's previous motion for acquittal. *Id*. at 191-92.  On appeal, Rainer's appellate counsel pursued a claim alleging the insufficiency of the Government's evidence to support Rainer's conviction. *See United States v. Rainer*, 616 F.3d 1212 (11th Cir. 2010). Under the circumstances, Rainer is not entitled to any relief based on this claim of ineffective assistance of counsel.

### 3.   *Counsel's Actions Concerning Rainer's Failure to Testify*

Rainer contends that his trial counsel reneged on assurances to him that he would be allowed to testify at trial and rendered ineffective assistance by "tricking" him into not testifying.  Doc. No. 16 at 2.  He sets forth no specific facts as to how his counsel "tricked" him in this regard.

Rainer was represented in all proceedings through sentencing by attorneys with the Office of the Federal Defender for the Middle District of Alabama ("Federal Defenders Office").  Christine A. Freeman, Executive Director of the Federal Defenders Office and lead counsel for Rainer during proceedings in the trial court, has filed an affidavit in which she avers that she met with Rainer prior to trial to discuss trial and defense strategy and that, to

her recollection, she discussed with Rainer whether he wished to testify and Rainer decided not to testify.  Doc. No. 19 at 1.  Freeman further states that, to the best of her recollection, Rainer did not later change his mind about testifying or bring any contrary desire to her attention.  *Id*.  Aylia McKee, co-counsel with Freeman at Rainer's trial, has also filed an affidavit, in which she states that she also met with Rainer prior to trial to discuss defense strategy; that, as part of this discussion, "we discussed whether Mr. Rainer wanted to testify in his own defense"; and that Rainer "decided it would not be in his best interest to testify at trial."  Doc. No. 21 at 2.  McKee further states: "I do not recall, at any time during the trial, that Mr. Rainer was considering changing his mind about testifying or that he expressed a desire to testify."  *Id*.  Although given an opportunity to file responsive pleadings, Rainer has not disputed the representations by Freeman and McKee in their affidavits.

The record reflects that the following colloquy took place between the district court and Rainer at the conclusion of the presentation of evidence at trial:

THE COURT:  You sat here and you've heard the testimony, have you not, Mr. Rainer, for the last two days?

THE DEFENDANT:  Yes, sir.

THE COURT: Mr. Rainer, it's my understanding that you are not going to testify on your behalf in this trial.

THE DEFENDANT:  Right.

THE COURT:  You understand that you have a right to testify should you choose to do so in any criminal case?

THE DEFENDANT:  Yes.

16

THE COURT:  And all criminal defendants have a constitutional right to testify if they so choose.  Did you know that?

THE DEFENDANT:  I guess so.

THE COURT:  All right.  But you know you have a right to testify, don't you?

THE DEFENDANT:  Yes.

THE COURT:  And is it your choice not to testify based on a decision that you have made?

THE DEFENDANT:  Yes.

THE COURT:  Nobody has threatened you or promised you anything in exchange for your decision not to testify?

THE DEFENDANT:  No.

THE COURT:  So your choice not to testify is a choice that you've made of your own free will after having talked with your attorneys?

THE DEFENDANT:  Right.

THE COURT:  All right.  The Court is satisfied that Mr. Rainer has made a knowing and voluntary –

THE DEFENDANT:  I want to say something.

THE COURT:  No, sir.  Mr. Rainer, I find that you've made a knowing and voluntary waiver of your right not to testify, and that is a choice that you have made on your own behalf.  Now you may say whatever you need to say.

THE DEFENDANT:  What I'm saying is this here.  I did not have no gun and I ain't drawed no gun on no police, and he ain't seen me with no gun.

THE COURT:  That's for the jury to decide, Mr. Rainer.  Your plea of not guilty is noted.  Anything else?

THE DEFENDANT:  No.

Case No. 2:07cr151-MEF, Doc. No. 148 at 193-95.

In light of this record, and in the absence of specific factual allegations regarding the manner in which he was "tricked" by his counsel, it is disingenuous of Rainer now to claim that his counsel impeded him from exercising his right to testify.  Rainer advised the court that he understood his right to testify as explained to him by the court, that he had discussed the decision whether or not to testify with his counsel, that it was his decision not to testify, and that his decision in this regard was not the product of any threats or promises made by others.  It is abundantly clear that this is not a case of defense counsel's refusal to honor a defendant's decision to testify, or of counsel's failure to inform a defendant that he has a right to testify and that the final decision whether to testify is the defendant's alone.  *See, e.g., Gallego v. United States*, 174 F.3d 1196, 1197 (11th Cir. 1999).  Rainer fails to demonstrate that his counsel's performance in this regard was professionally unreasonable or that he was prejudiced by counsel's performance.  *Strickland*, 668 U.S. at 687-88.  Consequently, Rainer is not entitled to any relief based on this claim of ineffective assistance of counsel.

### 4.    *Failure to File Suppression Motion*

Rainer contends that his counsel was ineffective for failing to file a motion to suppress the evidence.  Doc. No. 16-1 at 1.  However, he suggests no basis upon which a motion to suppress might have been successful in his case.  Thus, he cannot prevail on a claim that his

counsel rendered ineffective assistance in this regard. *See, e.g., DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (defendant must establish prejudice where counsel failed to file a motion to suppress evidence); *Iron Wing v. United States*, 34 F.3d 662, 665 (8th Cir. 1994) (defendant is not prejudiced by counsel's failure to file a motion to suppress if it would have been denied). Because he asserts no grounds for a motion to suppress the evidence, Rainer is not entitled to any relief based on this claim of ineffective assistance of counsel. *Strickland*, 668 U.S. at 687-88.[11]

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Rainer be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **June 5, 2013**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of

---

[11] In his reply to the Government's answer to his § 2255 motion, Rainer offhandedly asserts, for the first and only time in any of his pleadings, that his "counsel was deficient in tricking the petitioner to waive his right to a speedy trial and also for not objecting to the plain error committed by the court in admitting hearsay testimony resulting in the deprivation of the petitioner's right to confrontation under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)." Doc. No. 31 at 16. Rainer presents absolutely no facts or arguments in support of these cursory allegations, and the basis for these allegations is not apparent from the record. Therefore, these allegations provide him no basis for collateral relief.

19

issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 22nd day of May, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

20